IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| E.S., a minor child, by her Guardian LEILANI SCRIBNER, <br><br> Plaintiff, <br><br> v. <br><br> FLIPPIN' FAMILY FUN, LLC, a Montana Limited Liability Company; NATALIE RIGGIN and REESE RIGGIN, individually and as agents, governing people, operators, supervisors, and owners of Flippin' Family Fun; JOHN DOE OPERATOR, as employee and agent of Flippin' Family Fun; and JOHN DOES 1-5. <br><br> Defendants. | No. 20-2-02484-32 <br><br> ***AMENDED*** **COMPLAINT FOR DAMAGES** |

COMES NOW the Plaintiff, E.S., a minor child, by her guardian Leilani Scribner and by and through their attorneys, Janelle M. Carney and Jennifer L. Bechtold of GLP Attorneys, P.S., Inc., and complain and allege against the above-named Defendants as follows:

***AMENDED***
COMPLAINT FOR DAMAGES - 1

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

## I. INTRODUCTION

1.1 Defendant Flippin' Family Fun is a limited liability company that conducts business throughout the United States, including the state of Washington.

1.2 Defendant Flippin' Family Fun markets itself on its website with goals of: "Developing a fun, safe and healthy environment for the people . . . has been a goal of ours for several years."

1.3 Defendants Natalie Riggin and Reese Riggin, are married, and own, operate, and maintain Flippin' Family Fun throughout the United States, including the state of Washington.

1.4 Defendants hold themselves out as a safe family company.

1.5 On September 9, 2017, Defendants, specifically Defendant Flippin' Family Fun, failed to meet their self-proclaimed goals, and as such, failed to provide a safe and healthy environment and failed to support the communities it serves, specifically Spokane County.

1.6 Defendants, carelessly and with no regard for the safety of the community, brought the "Zero Shock," an amusement park attraction owed, operated, and maintained by Defendants, to the Spokane County Fair and marketed it as an attraction appropriate for children to climb up a tall steep staircase/ladder and jump onto what should have been a properly maintained and inflated airbag.

*AMENDED*
**COMPLAINT FOR DAMAGES - 2**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459



*The "Zero Shock" owned, operated, and maintained by Defendants.*

1.7    Plaintiff, a minor child, E.S., was seriously injured after partaking in the "Zero Shock", and jumping onto the airbag due to a failure of Defendants to properly maintain and operate the attraction.

## II.    PARTIES

2.1    Plaintiff E.S. and Leilani Scribner, as guardian of E.S., a minor child, are residents of Spokane County, Washington, and, on information and belief, resided in Spokane County, Washington, at all times relevant and material to this Complaint.

*AMENDED*
**COMPLAINT FOR DAMAGES - 3**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

2.2  Defendant Flippin' Family Fun, LLC, on information and belief, at all times relevant and material to this Complaint, is a Montana limited liability company, owning property, doing business, and managing property throughout the state of Montana, with its principal office located at 5501 9th Ave. South, Great Falls, Montana, 59405, and with Natalie Riggin as its registered agent.

2.3  Defendant Flippin' Family Fun, LLC, on information and belief, at all times relevant and material to this Complaint, conducted business in Spokane County, Washington, was a commercial vendor and maintained a booth and accepted money from users of the Zero Shock at the Spokane County Fair, 404 N. Havana, #1, Spokane Valley, WA 99202.

2.4  Defendant Flippin' Family Fun, LLC, on information and belief and at all times relevant and material to this Complaint maintained an active insurance policy with Admiral Insurance Company, naming Spokane County, its officers, agents and employees as additional insured for the "Mobile Zero Shock Bag" and the event location of 404 N. Havana, #1, Spokane Valley, WA 99202

2.5  Defendants Natalie Riggin and Reese Riggin, on information and belief, at all times relevant and material to this Complaint, were residents of Cascade County, Montana and were the registered agents, governing people, operators, supervisors, and owners of Flippin' Family Fun.

2.6  Defendant Reese Riggin, on information and belief, at all times relevant and material to this Complaint conducted business in Spokane County, Washington, was a commercial vendor and maintained a booth and accepted money from users of the Zero Shock

*AMENDED*
**COMPLAINT FOR DAMAGES - 4**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

at the Spokane County Fair, 404 N. Havana, #1, Spokane Valley, WA 99202 and signed the insurance agreement with the Spokane County Fair.

2.7   Defendant John Doe Operator, on information and belief, at all times relevant and material to this Complaint, was employed by Flippin' Family Fun and hired, trained, and supervised by Defendants Natalie Riggin, and Reese Riggin.

2.8   Plaintiff alleges there may be persons or entities whose identity is currently not known and who bear responsibility for the damages suffered by Plaintiff. Plaintiff further alleges, upon information and belief, that there are unidentified persons or entities whose actions in Spokane County caused the damages to Plaintiff that may be responsible for the maintenance, and/or management of the amusement ride. These persons are referred to as John Does 1-5. When the identity of such persons becomes known, these pleadings will be amended to reflect their true identity.

2.9   Defendants, through their agents, employees, and contractors, acted, at all relevant times, on behalf Defendants and within the scope of their employment or agency.

### III.   JURISDICTION AND VENUE

3.1   Plaintiff was, at all times relevant and material to this Complaint, a resident of Spokane County, Washington.

3.2   The incident in question occurred in Spokane Valley, Spokane County, Washington.

*AMENDED*
**COMPLAINT FOR DAMAGES - 5**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

3.3     Jurisdiction exists over Defendants, at all times relevant and material to this Complaint, because the "tortious act" and omissions giving rise to and causing the Plaintiff's injuries occurred in Washington, and because Defendants were doing business in Washington.

3.4     Venue:  The injuries to Plaintiff arising from the Defendants' negligence occurred in Spokane County, Washington and this Court has proper jurisdiction over the parties and subject matter of this Complaint. Venue is proper pursuant to RCW 4.12.020(3) and 4.12.025(3)(a).

## IV.     FACTS

4.1     Date: Plaintiff, E.S., a minor child, suffered personal injuries on September 9, 2017.

4.2     Location:  The injury occurred on the "Zero Shock" attraction at the Spokane County Fair. The Zero Shock attraction is owned, operated, controlled, and maintained by Defendants.

4.3     Invitee: At all times relevant and material to this lawsuit, Plaintiff E.S., a minor child, was an invitee because, among other reasons, the Spokane County Fair and the Zero Shock attraction was open to the public and she was a customer of Defendant Flippin' Family Fun, Defendant Natalie Riggin, Defendant Reese Riggin, and Defendant John Doe Operator. Plaintiff E.S. paid $12.00 USD to Defendants to jump on the "Zero Shock" three times.

4.4     Details: On September 9, 2017, Plaintiff, E.S., a 10-year old girl, attended the Spokane County Fair with her family. Plaintiff E.S saw the Zero Shock attraction, owned and operated by Defendants, and immediately wanted to go on this bright, colorful attraction with

*AMENDED*
**COMPLAINT FOR DAMAGES - 6**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

flashing lights. After paying the fee to the ride attendant, Plaintiff E.S. climbed the stairs to jump off the Zero Shock. After jumping and landing on the airbag, both of Plaintiff E.S's legs snapped, upon impact. There were no indicators, nor warnings, of the dangers of this attraction. There was also no supervision or guidance from any of the Defendants.

4.5    Plaintiff does not allege that Zero Shock was improperly designed, but that the "Zero Shock" airbag was improperly maintained by Defendants. The force of the unexpected impact on the deflated airbag maintained, operated, and owned by Defendants, caused Plaintiff E.S serious, permanent, and debilitating injuries.

4.6    <u>Safety</u>: At all times relevant and material to this Complaint, Defendants were in control of and responsible for the ownership, management, supervision, maintenance, repair and upkeep of the Zero Shock attraction.

4.7    At all times relevant and material to this Complaint, the Zero Shock attraction was in a dangerous and hazardous condition due to the improperly deflated airbag and failure of the Defendants to properly maintain the attraction.

4.8    Defendants failed to provide any type of warning of the dangerous condition of the airbag and failed to prevent injuries.

4.9    The Defendants, and their agents, knew or should have known of the defective, dangerous, and hazardous condition of the airbag, which would cause physical harm to the community attending the Spokane County Fair.

4.10   Defendants negligently led Plaintiff E.S. into believing that the ride was safe.

***AMENDED*** 
**COMPLAINT FOR DAMAGES - 7**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

4.11    Injuries: Plaintiff E.S. suffered serious, permanent, and debilitating personal injuries, including but not limited to: tibia/fibula fractures on both of her legs, impacting the growth plates.

### V.    CAUSE OF ACTION—PREMISE LIABILITY

5.1    Duty: On the date of the injury the Zero Shock attraction at issue, was under the ownership, control, supervision, management, care and maintenance of the Defendants. These Defendants, by and through their agents, servants and employees, and as owners/occupiers of real property, through common law, and state and federal statutes, regulations and/or ordinances, owed Plaintiff, and all those lawfully on the premises a duty to:

(a)    Inspect the premises for potentially unsafe conditions;

(b)    Have a system in place to inspect the premises for unsafe conditions;

(c)    Provide safe and adequate maintenance of the premises and grounds;

(d)    Provide invitees with guidance for their attractions;

(e)    Maintain their attractions in a condition that is safe for use;

(f)    Use reasonable care and diligence in keeping the premises in a reasonably safe condition;

(g)    Inspect the premises so as to keep them in a safe condition;

(h)    Refrain from creating unreasonably dangerous and/or hidden conditions on the premises, including improperly deflating an airbag; and

(i)    Provide invitees with adequate warning signs regarding their rides.

*AMENDED*
**COMPLAINT FOR DAMAGES - 8**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459



*Example of a warning sign*

5.2 <u>Breach</u>: Defendants breached their duties as set forth above.

5.3 <u>Proximate Cause</u>:  As a direct and proximate cause of Defendants' breach of their duties as set forth in this Complaint, Plaintiff E.S has suffered severe, permanent and debilitating personal injuries, including, but not limited to, tibia/fibula fractures on both of her legs.

## VI.   CAUSE OF ACTION – NEGLIGENCE

6.1 <u>Duty-Defendant Flippin' Family Fun and the Riggins</u>:  Defendants Flippin' Family Fun, Natalie Riggin, and Reese Riggin through common law, statute, regulation and/or ordinance, owed Plaintiff a duty to:

(a) Provide appropriate and adequate safety measures to ensure the safety of their customers (ensuring that an airbag is not negligently inflated);

(b) Provide appropriate and adequate supervision of the customers;

(c) Protect the customers from foreseeable accidents and subsequent injuries;

(d) Give adequate instruction for their attraction; and

*AMENDED*
**COMPLAINT FOR DAMAGES - 9**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

  (e) Place adequate, visible (even at nighttime) signage regarding the dangers of the attraction.

6.2 <u>Duty-Defendant John Doe Operator</u>: Defendant John Doe Operator through common law, statute, regulation and/or ordinance, owed Plaintiff a duty to:

  (a) Provide appropriate and adequate safety measures to ensure the safety of their customers (ensuring that an airbag is not negligently inflated);

  (b) Provide appropriate and adequate supervision of the customers;

  (c) Protect the customers from foreseeable accidents and subsequent injuries;

  (d) Give adequate instruction to customers who are going to ride the attraction; and

  (e) Place adequate, visible (even at nighttime) signage regarding the dangers of the attraction.

6.3 <u>Breach</u>: The Defendants breached their duties as set forth in this Complaint.

6.4 <u>Proximate Cause</u>:  As a direct and proximate cause of Defendants' breach of their duties, as set forth in this Complaint, Plaintiff has suffered personal injuries, including, but not limited to, tibia/fibula fractures of both legs.

## VII. COMPARATIVE FAULT

7.1 Plaintiff was negligently led into believing that the Zero Shock attraction was safe.  The unsafe airbag was a hidden danger to which Plaintiff E.S. could not prevent or protect herself from due to no warnings and no instruction regarding the hidden danger.

*AMENDED*
**COMPLAINT FOR DAMAGES - 10**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

## VIII. DAMAGES

8.1     As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered severe physical and emotional injuries and is entitled to fair and reasonable compensation.

8.2     As a direct and proximate result of the negligence alleged herein, Plaintiff has incurred, and may continue to incur medical expenses and other out-of-pocket expenses and is entitled to fair and reasonable compensation.

8.3     As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and will continue to suffer severe physical pain and suffering and is entitled to fair and reasonable compensation.

8.4     As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered severe mental and emotional distress, loss of enjoyment of life, past and future disability, permanency of injury and is entitled to fair and reasonable compensation.

8.5     Plaintiff is entitled to reasonable attorneys' fees.

8.6     Plaintiff is entitled to prejudgment interest on all medical and other out-of-pocket expenses directly and proximately caused by the negligence alleged in this Complaint.

8.7     Plaintiff is entitled to costs and disbursements herein.

*AMENDED*
**COMPLAINT FOR DAMAGES - 11**

**GLP ATTORNEYS, P.S., INC.**
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

## IX. WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

9.1 Plaintiff asserts the physician/patient privilege for 88 days following the filing of this Complaint. On the 89th day following the filing of this Complaint, the Plaintiff hereby waives the physician/patient privilege.

9.2 The waiver is conditioned and limited as follows: (1) The Plaintiff does not waive her constitutional right of privacy; (2) The Plaintiff does not authorize contact with any of her health care providers except by judicial proceeding authorized by the Rules of Civil Procedure; (3) Defendants' Representatives are specifically instructed not to attempt ex parte contacts with Plaintiff's health care providers; and (4) Defendants' Representatives are specifically instructed not to write letters to Plaintiff's health care providers telling them that they may mail copies of records to the Defendants.

In the case of *Loudon v. Mhyre*, 110 Wn.2d 675, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of ex parte contact with the Plaintiff's physicians:

> The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the Plaintiff's treating physicians when the Plaintiff has waived the physician/patient privilege. We hold that defense counsel may not engage in ex parte contact, but is limited to the formal discovery methods provided by court rule.

*Id.* at 675-676, 756 P.2d at 139.

## X. RELIEF SOUGHT

Plaintiff prays for judgment against the Defendants, jointly and severally, and pray for relief as follows:

10.1 Special damages for Plaintiff in such amounts as are proven at trial.

*AMENDED*
**COMPLAINT FOR DAMAGES - 12**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

10.2 General damages for Plaintiff in such amounts as are proven at trial.

10.3 Costs including reasonable attorneys' fees for Plaintiff as are proven at trial.

10.4 Prejudgment interest on all liquidated damages.

10.5 For such other and further relief as the Court deems just, equitable and proper for Plaintiff at the time of trial.

DATED this 21th day of October, 2020.

GLP Attorneys, P.S., Inc.

_____
Jennifer L. Bechtold, WSBA #52487
Attorney for Plaintiff

*AMENDED*
**COMPLAINT FOR DAMAGES - 13**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
601 W. Main Ave. Ste. 305
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459